IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA                          OPINION AND ORDER

v.                                    11-cr-82-wmc
                                      13-cv-785-wmc
LARRY BUCKLEY

---

Defendant Larry Buckley filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence of 168 months in federal prison that he received on December 9, 2011, in *United States v. Buckley*, Case No. 11-cr-82-wmc, along with a brief in support.   After considering all of the pleadings pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and the record of the underlying proceedings, the motion will be denied for the reasons set forth briefly below.

BACKGROUND

Buckley pled guilty to one of multiple counts in an indictment charging him with a conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1).   Because of Buckley's prior felony convictions for victim intimidation and aggravated battery in violation of Wis. Stat. §§ 940.44, 940.45(1) and 940.19(6), the court concluded that he was subject to an enhanced sentence under the guideline for career offenders, *see* U.S.S.G. § 4B1.1(a).[1]   With a total offense level of 29 and his

---

[1] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony

resulting placement in criminal-history category of VI, the court determined that Buckley's guideline range was 151 to 188 months. Taking into account several arguments in mitigation, including Buckley's unstable home environment during childhood, his addiction to marijuana, and his need for further education to improve his employment prospects, the court sentenced Buckley in the middle of the advisory guideline range.

Buckley filed a notice of appeal to challenge his guilty plea and sentence. During that proceeding, Buckley's appointed counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967), asserting that a professional examination of the record disclosed no non-frivolous grounds to appeal. The Seventh Circuit considered counsel's brief and agreed that the district court substantially complied with Fed. R. Crim. P. 11 during the plea colloquy. The Seventh Circuit also found that Buckley was properly sentenced as a career offender under § 4B1.1(a), noting in particular that Buckley's prior 1995 state court conviction for victim intimidation qualified as a "crime of violence" and was not stale for purposes of enhancing his punishment. Finally, the

---

that is either a crime of violence or a controlled-substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled-substance offense. U.S.S.G. § 4B1.1(a). For purposes of the career-offender guideline, a crime of violence means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year . . . that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). As explained later in this opinion, Buckley's argument concerns the analysis of his prior convictions under the "physical force as an element" clause of a "crime of violence." The issue does not involve the so-called "residual clause" of the definition or the Supreme Court's recent decision in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 192 L.Ed.2d 569 (June 26, 2015), finding the residual clause in analogous statutory language to be void for vagueness.

Seventh Circuit determined that a within the guideline range sentence of 168 months was not unreasonably high.  Having concluded that Buckley had no meritorious claim to make, the Seventh Circuit affirmed the conviction, granted counsel's motion to withdraw and dismissed the appeal as frivolous on October 19, 2012.  *United States v. Buckley*, 494 F. App'x 644, 2012 WL 5077164 (7th Cir. 2012).  Buckley's conviction became final when his time to file a petition for certiorari expired on or about January 17, 2013.  *See Clay v. United States*, 537 U.S. 522, 527 (2003).

In his § 2255 motion, Buckley claims that he was denied effective assistance of counsel when his attorney failed to object to the calculation of his guideline sentence.  In particular, Buckley maintains that counsel failed to object when the court considered information in the PSR that came from police reports rather than "judicial materials" in determining that he had two predicate convictions that qualified as a violent felony under the career-offender guideline.

OPINION

By definition, a motion for relief under 28 U.S.C. § 2255 seeks "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."  *Almonacid v. United States*, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).  To obtain relief under § 2255, therefore, a prisoner must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack."   Relief under § 2255 is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice."   *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Here, Buckley's claim to § 2255 relief based on ineffective assistance of counsel is analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   Under the *Strickland* standard, a defendant must establish both (1) a constitutionally deficient performance by counsel, and (2) actual prejudice as a result of the alleged deficiency.   *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).   In other words, "a defendant must show both that his attorney performed below minimal professional standards and that the substandard performance prejudiced him."   *Northern v. Boatwright*, 594 F.3d 555, 560 (7th Cir. 2010).   Buckley is unable to show either.

Buckley claims that his trial attorney was deficient for failing to object when the court considered information found in police reports instead of following the "categorical approach" in determining whether his prior convictions, particularly his conviction for victim intimidation, counted as violent felonies for purposes of the career-offender guideline.   As Buckley points out, courts generally apply a categorical approach to determine whether a prior conviction qualifies as a crime of violence or a violent felony, "focusing 'not on the facts of the defendant's particular crime, but only on the fact of conviction and the essential elements of the offense.'" *United States v. Johnson*, 680 F.3d 966, 983 (7th Cir. 2012) (citation omitted).   By contrast, if the underlying statute is

4

divisible (*i.e.*, the statute describes distinct modes of committing the offense in which some conduct may constitute a violent felony while other conduct does not), courts apply a "modified categorical approach." *Id.*   Under this approach, a court may look to the judicial record for the limited purpose of determining under which part of the statute the defendant was charged.   *Id.*

In calculating Buckley's sentence under the career-guideline, this court determined that his two prior convictions for victim intimidation and for aggravated battery counted as violent felonies for purposes of § 4B1.2(a).   A Wisconsin conviction for aggravated battery qualifies as a violent felony under the express terms of the career offender guideline.   As for victim intimidation, the PSR states that Buckley pled no contest to a violation of Wis. Stat. § 940.45(1), which requires "force or violence or attempted force or violence" as an element of the offense.   (Dkt. #19 at 11 in 11-cr-82-wmc).   In upholding the sentence on direct appeal, the Seventh Circuit also found the latter statute qualified as a crime of violence because, "on its face, the statute requires as an element that force be directed against another[.]"   Buckley has submitted *no* evidence refuting that conclusion.

Contrary to Buckley's position now, his conviction for victim intimidation is distinguishable from the one found not to qualify as a violent felony in *United States v. Ellis*, 622 F.3d 784, (7th Cir. 2010).   In that case, the Indiana Class D Intimidation conviction was based on § 35–45–2–1(a)(2), (b)(1)(B)(i) and (c)(1).   The conviction in *Ellis* was for a retaliatory threat to unlawfully injure a law enforcement officer, whereas Buckley was convicted of a making a threat accompanied by force or violence, or by attempted force or violence.   In this case, the attempted or actual use of physical force

5

was an *element* of Buckley's crime, whereas the Seventh Circuit found it was missing from the elements of the offense in *Ellis*.   *Id.* at 800.

Because Buckley pled no contest to § 940.45(1), it was unnecessary to review supporting materials such as police reports or other documentation to determine whether his underlying convictions could serve as predicates to enhancement.   Accordingly, counsel had no valid objection to make based on the court's application of the categorical approach, nor was counsel deficient for failing to raise the objections proposed by Buckley.  *See Northern*, 594 F.3d at 561 ("Obviously, an attorney is not constitutionally deficient for failing to lodge a meritless objection.").   Because he does not demonstrate that his sentence was calculated incorrectly, Buckley also fails to show that he was prejudiced as a result.  *See Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010) ("When challenging his sentence, a petitioner must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence.").

Having failed to articulate facts showing that he was denied effective assistance of counsel, Buckley is not entitled to relief pursuant to 28 U.S.C. § 2255 and his motion must be denied.   Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.   To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).   This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

6

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons already stated, reasonable jurists would not debate the decision that defendant's motion should be denied because his claims are without merit. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Defendant Larry Buckley's motion to vacate, set aside or correct sentence is DENIED.

2. A certificate of appealability is also DENIED.   Defendant may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 22nd day of October, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge